# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| VANESSA FRANCISES, | ) |
|           Plaintiff, | ) |
| v. | ) No. 09-0311-CV-W-FJG |
| MISSOURI DEPARTMENT OF SOCIAL SERVICES, | ) |
|           Defendant. | ) |

# ORDER

Currently pending before the Court is plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. # 1) and plaintiff's Motion for Appointment of Counsel (Doc. # 3).

In reviewing plaintiff's pro se Complaint, the Court is concerned that subject matter jurisdiction is lacking. "The existence of subject matter jurisdiction is a threshold issue." Conagra Feed Co. v. Higgins, No. 5:00CV78-H, 2000 WL 1448593, *1 (W.D.N.C. Aug. 17, 2000).

> As a Federal Court, we have limited jurisdiction and may only hear matters which fall within our jurisdictional limits. . . . As a consequence, we have a primordial duty, in every case before us, to inquire whether the vital prerequisite of subject matter jurisdiction has been satisfied. . . . Hence, if it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.

Poor Richard's Inc. v. U.S. Dept. of Agriculture, No. Civ. 97-700(JRT/RLE), 1998 WL 315380, *2 (D.Minn. Feb. 15, 1998)(internal citations and quotations omitted). See also, Alumax Mill Products, Inc. v. Congress Financial Corp., 912 F.2d 996, 1002 (8th Cir. 1990), quoting, Hughes v. Patrolmen's Benev. Ass'n of City of New York, Inc., 850 F.2d 876, 881 (2d Cir.), cert. denied, 488 U.S. 967 (1988) ("Federal subject matter

jurisdiction may be raised at any time during litigation and must be raised sua sponte by a federal court when there is an indication that jurisdiction is lacking.")

Plaintiff in her Complaint states that the Missouri Department of Social Services did not negotiate an adoption subsidy when she adopted her niece and nephew. She states that the DSS placed her niece and nephew in her home in 2007 and failed to assist her in obtaining foster care kinship or TANF or any other kind of financial assistance. Plaintiff requests that the Court order DSS to pay the adoption subsidy for her previous adoptions retroactively and order DSS to pay kinship for her niece and nephew retroactively. Attached to plaintiff's Complaint as a exhibit was an Order entered in the Circuit Court of Jackson County, Missouri on April 14, 2009. The Order upheld the decision of an administrative hearing officer which denied plaintiff a foster care license. On April 21, 2009, the Missouri Department of Social Services filed a Motion to Modify or in the alternative, Motion for Rehearing before the Commissioner or the Judge. The Motion states that the Jackson County Court entered an Order on April 6, 2009 directing that the Children's Division compensate the placement of Dajana and Darren Buckner at the kinship rate. The Children's Division states that the Court has no statutory or legal authority to order a state agency to compensate an unlicensed provider. The Children's Division therefore requested rehearing of the issue before the Commissioner pursuant to Missouri Supreme Court Rule 129.11 or alternatively rehearing before the Judge of the Juvenile Court pursuant to Mo.Rev.Stat. § 487.030 and Missouri Supreme Court Rule 129.13.

In Endeshaw v. Poston, No. Civ. 00-691 DWFAJB, 2001 WL 34624007, (D.Minn. June 29, 2001), the Court stated:

> Pursuant to the Rooker-Feldman doctrine, lower federal courts do not have jurisdiction over challenges to state court judgments. Lemonds v. St. Louis County, 222 F.3d 488, 492 (8th Cir. 2000). . . .The doctrine precludes both straightforward appeals and indirect attempts to undermine state court decisions. Id. The state and federal claims need not be identical and the federal action may be construed as a prohibited appeal essentially whenever the federal relief can only be predicated upon the determination that the state court decision was wrong. . . Furthermore, federal courts have been directed to abstain from accepting jurisdiction in instances where a grant of equitable relief would interfere with pending state proceedings in [a] way that offends principles of comity and federalism.

Id. at *1. In that case, the court found that plaintiff was requesting the federal court to interfere with actions that had been decided or were pending in his state criminal matter. Similarly, in the instant case, plaintiff is also asking this Court to intervene and order the Missouri Department of Social Services to take certain actions. Additionally, it appears that this issue is still active in the Missouri court system as evidenced by the recent pleadings that plaintiff attached to her Complaint. The federal courts are not permitted to interfere in ongoing state court litigation. Accordingly, because the Court lacks jurisdiction over this matter, the Court hereby **DENIES** plaintiff's Motion for Leave to Proceed In forma pauperis (Doc. # 1) and **DENIES** plaintiff's Motion for Appointment of Counsel (Doc. # 3).


Date:  5/7/09  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN JR.**
Fernando J. Gaitan Jr.
United States District Judge